NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 27 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSCAR EFRAIN PERUSQUIA LINARES, | No.   16-72502 |
| Petitioner, | Agency No. A201-002-425 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019[**]

Before:     THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Oscar Efrain Perusquia Linares, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing Perusquia Linares's appeal from an immigration judge's decision denying Perusquia Linares's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

The BIA did not err in finding that Perusquia Linares's social group of "returning Mexicans from the United States" was not cognizable. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Barbosa v. Barr*, 926 F.3d 1053, 1059-60 (9th Cir. 2019) (finding that individuals returning to Mexico from the United States who are believed to be wealthy does not constitute a particular social group).

We lack jurisdiction to consider Perusquia Linares's claim that he is a member of the particular social group "Mexicans who have been threatened and who have close family members who have been threatened, kidnapped, or killed in Mexico" because Perusquia Linares did not exhaust this claim before the agency.

2

*See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Substantial evidence supports the agency's denial of CAT relief because Perusquia Linares failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government of Mexico. *See Garcia-Milian*, 755 F.3d at 1033-35 (concluding that petitioner did not establish the necessary "state action" for CAT relief).

Thus, even assuming Perusquia-Linares's credibility, his withholding of removal and CAT claims fail.

Perusquia Linares does not challenge the agency determination that his asylum application was untimely. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**